UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY SCOTT,

      Plaintiff,

v.                                                      Case No.:  2:20-cv-296-FtM-38MRM

CHARLOTTE COUNTY SHERIFF'S
OFFICE and CHARLOTTE COUNTY
JAIL,

      Defendants.
_____/

## OPINION AND ORDER[1]

This matter is before the Court on sua sponte review of the file. Plaintiff, incarcerated in the Charlotte County Jail, initiated this civil rights action under 42 U.S.C. § 1983 over events that occurred when he was a pretrial detainee in the Charlotte County Jail from July 3 through July 11, 2019. Plaintiff also moves to proceed in forma pauperis. (Doc. 4). For the below reasons, the Court dismisses the Complaint under 28 U.S.C. § 1915(e)(2)

A court must review a complaint and dismiss it at any time if the case is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). The first standard includes claims based on "an indisputedly meritless legal theory," or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The second standard is the familiar standard for a motion to dismiss under

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Federal Rule of Civil Procedure 12(b)(6).  In making a § 1915(e) review, courts liberally construe *pro se* complaints and hold them to a less stringent standard than pleadings that attorneys draft.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

In his Complaint, Plaintiff alleges he was released by a judge in open court but was held in jail for days after his release.  Plaintiff only names the Charlotte County Jail and the Charlotte County Sheriff's Department (CCSO) as Defendants.  However, CCSO cannot be sued under Florida law and will be dismissed.  See *Graham v. Lee Cty. Sheriff's Dep't*, No. 208-CV-615-FTM-29SPC, 2009 WL 1605347, at *1 (M.D. Fla. June 8, 2009) (dismissing Lee County Sheriff's Department because the Department was not a legal entity).  Otherwise the Complaint provides no factual basis to support his claims nor organizes the claims into separate counts.  For instance, the Complaint states there is lots of evidence to prove that someone did something wrong.  (Doc. 1 at 4).  Beyond this vague and conclusory assertion, there are no facts to support Plaintiff's claims.

The Complaint also alludes to Defendants mishandling Plaintiff's internal grievances.  Even if true, there is no § 1983 liability.  Any official's failure to process, investigate, or respond to a detainee's internal grievance is not a constitutional violation.  See *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").  Plaintiff has no constitutionally protected liberty interest in the Charlotte County Jail's grievance procedures.

For the above reasons, the Court dismisses the Complaint under § 1915(e)(2).  It will, however, allow Plaintiff to file an amended complaint.  If Plaintiff does so, he must follow the minimum requirements for pleadings, so Defendants and the Court can discern

what he is claiming and frame responses. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 10 (requiring a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

Accordingly, it is now

**ORDERED:**

1. Plaintiff Jeffrey Scott's Complaint is **DISMISSED without prejudice**.

2. Plaintiff may file an amended complaint by **July 21, 2020. If Plaintiff does not file a timely amended complaint or explain why he cannot do so, the Court will dismiss this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

3